**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HELEN CASTILLO, | ) Case No. ED CV 12-0897 JCG |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OPINION AND** |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1/] | ) **ORDER** |
| Defendant. | ) |

Helen Castillo ("Plaintiff") challenges the Social Security Commissioner's ("Defendant") decision denying her application for disability benefits. Specifically, Plaintiff contends that the ALJ improperly rejected her credibility. (Joint Stip. at 2-9, 12.) The Court disagrees.

An ALJ can reject a claimant's subjective complaints by expressing clear and convincing reasons for doing so. *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."

---

[1/] Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

1 *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

2     Here, the ALJ presented at least three reasons in support of his credibility
3 determination.

4     First, the ALJ observed that Plaintiff reported three different years – 1990,
5 2000, and 2006 – as the last time she used drugs. (AR at 17, 379); *see Thomas v.*
6 *Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (inconsistent statements may
7 properly discredit a claimant). Plaintiff mistakenly contends that these dates are
8 irrelevant because they all occurred well before the April 2008 onset date. (Joint
9 Stip. at 7.) Though *disability* is assessed from the alleged onset date, *credibility* is
10 subject to no such limitations. The inquiry is broad, simply concerning "the degree
11 to which the [claimant's] statements can be believed and accepted as true." Social
12 Security Ruling ("SSR") 96-7P, 1996 WL 374186, at *4. Thus, as to this point, the
13 ALJ made no error in his credibility determination.[2/]

14     Second, the ALJ noted the opinion of the consultative examiner, Dr. Kent
15 Jordan, who found that Plaintiff appeared to "'highly embellish' her psychiatric
16 symptomatology." (AR at 16, 377); *see Thomas*, 278 F.3d at 958-59 (credibility
17 may be assessed via physician reports that address "the nature, severity, and effect
18 of" a claimant's alleged symptoms). According to Dr. Jordan, Plaintiff presented "a
19 big discrepancy between [her alleged] psychiatric symptoms . . . and [the] reasons
20 that [she] cannot work." (AR at 377.) These findings are significant, and weigh
21 heavily against Plaintiff's veracity.

22     Third, the ALJ cited Plaintiff's sporadic work history before her alleged onset
23 date as raising "a question as to whether [her] continuing unemployment is actually
24 due to medical impairments." (AR at 18); *see Strauss v. Apfel*, 246 F.3d 676 (9th

---

[2/] Plaintiff also hints, without any further explanation, that the ALJ relied upon an "isolated line of testimony" in observing her inconsistent statements. (Joint Stip. at 7.) This contention is without basis, as Plaintiff made these inconsistent statements on three different occasions. (*See* AR at 379.)

1  Cir. 2000) ("spotty work history" is a valid reason for discrediting a claimant).
2  Remarkably, the Certified Earnings Report noted numerous "possible gaps" in
3  Plaintiff's earnings, including from 1993 to 1996, and from 2001 to 2003. (*See* AR
4  at 127.) No reason exists to upset the ALJ's determination here.

5  Thus, for the reasons stated above, the ALJ's credibility determination is
6  valid.[3]

7  Accordingly, the Court finds that substantial evidence supported the ALJ's
8  decision that Plaintiff was not disabled. *See Mayes v. Massanari*, 276 F.3d 453,
9  458-59 (9th Cir. 2001).

10  Based on the foregoing, IT IS ORDERED THAT judgment shall be entered
11  **AFFIRMING** the decision of the Commissioner denying benefits.

13  Dated: April 29, 2013

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

---

[3]  The Court does, however, recognize that the ALJ erroneously found that Plaintiff's daily activities were "not limited to the extent one would expect, given [her] complaints of disabling symptoms and limitations." (AR at 17.) These activities included traveling by bus "every other day" and "walk[ing] for exercise." (*Id.*)

True, a claimant's credibility may be rejected when their daily activities are "inconsistent with [their] alleged symptoms." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). But the activities cited by the ALJ here are not so physically or mentally demanding that any inconsistencies are apparent. Indeed, under the "clear and convincing" standard, there must be some explanation as to how these activities undermine the specific limitations alleged by Plaintiff. *See Lester*, 81 F.3d at 834. Absent such a showing, this reason does not pass muster.

In any event, this error is harmless given the ALJ's other valid reasons discussed above. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

3